# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | No. _____ |
| Plaintiff, | ) | |
| | ) | **COUNTS ONE through TEN:** |
| v. | ) | **18 U.S.C. § 641 (Theft of government property)** |
| | ) | NMT: 10 Years Imprisonment |
| **CURTIS GREEN**, | ) | NMT: $250,000 Fine |
| [DOB:01/01/1960] | ) | NMT: 3 Years Supervised Release |
| | ) | Class C Felony |
| **JUAN D. RHODES**, | ) | |
| [DOB:12/21/1957] | ) | **COUNTS ELEVEN through TWENTY:** |
| | ) | **18 U.S.C. § 1344 (Bank fraud)** |
| **LISA A. MYERS,** | ) | NMT: 30 Years Imprisonment |
| [DOB:01/31/1970] | ) | NMT: $1,000,000 Fine |
| | ) | NMT: 5 Years Supervised Release |
| **SYNETHIA MCDANIEL,** | ) | Class B Felony |
| [DOB:11/21/1973] | ) | |
| | ) | |
| **CARL W. PETERSON,** | ) | |
| [DOB:10/05/1966] | ) | |
| | ) | |
| **ADRIENNE MORRIS,** | ) | |
| [DOB:10/18/1978] | ) | |
| | ) | |
| **DERRICK HUBBARD,** | ) | |
| [DOB:03/05/1972] | ) | |
| | ) | Allegation of Criminal Forfeiture |
| **SCOTT WILSON,** | ) | **18 U.S.C. §§ 982(a)(1) and (a)(2)(A)** |
| [DOB:10/23/1964] | ) | |
| | ) | $100 Mandatory Special |
| **LATONYA WILLIAMSON,** | ) | Assessment for each count |
| [DOB:08/01/1974] | ) | |
| | ) | Order of Restitution |
| and | ) | |
| | ) | |
| **STEPHANIE HEARD HAIR,** | ) | |
| [DOB:10/15/1977] | ) | |
| | ) | |
| Defendants. | ) | |

# INDICTMENT

## COUNTS ONE through TEN
### (Theft of Government Property)

**THE GRAND JURY CHARGES THAT:**

At all times material to these charges:

### Introduction and Background

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance (UI) System, designed to provide benefits to persons out-of-work due to no fault of their own. The purpose of the UI System was to lessen the effects of unemployment through cash payments made directly to laid-off workers, insuring that at least a significant portion of necessities of life, most notably food, shelter and clothing were met on a week-to-week basis while the worker sought employment.

2. The UI System is administered for the federal government in Missouri by the Missouri Division of Employment Security (MODES).

3. Upon becoming involuntarily unemployed, a worker can make a claim for benefits by either contacting MODES by telephone or submitting an application via the Internet. The application claim form includes the applicant's name, social security number, the last employer's name, address, dates worked and reason for becoming unemployed. If the application is approved, an account is set up and the worker will either receive a MasterCard debit card containing a dollar amount equal to the amount of unemployment benefits due the worker, or may choose to have funds directly deposited into that individual's account. To continue receiving benefits each week thereafter, the worker is required to submit a claim either via the Internet or telephone requesting additional payment of benefits. The weekly

claim forms require the worker to certify whether he or she worked and received any earnings during the weekly period. If the claim is approved, the amount of the claim is credited to the MasterCard debit card.

4. When the initial claim was filed, the claimant was given printed material concerning his or her rights and responsibilities under the Missouri Employment Security Law. That material included an explanation of the necessity for reporting all wages earned from any source during the weeks for which benefits are claimed and the necessity for reporting other forms of income such as tips, commissions, vacation and holiday pay, military reserve drill pay, workers' compensation or employer pension. Also included was a statement regarding penalties provided for knowingly making false statements or withholding information to obtain or increase benefits.

5. In addition, the website operated by the MODES, www.labor.mo.gov/DES/Claims, and the automated phone system, both provided specific information to a claimant that deliberately filing a false statement or claim or withholding information to receive benefits could result in benefits being terminated, and the claimant might be assessed penalties, be arrested, fined and imprisoned.

6. MODES relied upon the worker's answers in the weekly claim to determine whether to continue paying benefits.

7. An eligible worker could receive up to 26 weeks of state-funded benefits per benefit year. The federal government funded the administrative costs incurred by MODES. After the initial benefit period, a worker could receive extended unemployment benefits funded by the federal government.

8. MODES transferred benefit funds to Central Bank, a bank located in Jefferson City, Missouri. Central Bank issued the MasterCard debit cards to eligible workers who then could make purchases directly from any retailer accepting MasterCard debit cards and by obtaining cash through ATM machines.

3

Case 4:11-cr-00213-FJG   Document 1   Filed 09/20/11   Page 3 of 8

9. On July 1, 2008, the U.S. Congress (Congress) passed an Emergency Unemployment Compensation law that stated any extended UI benefits which an unemployed worker was eligible to receive would be 100 percent federally funded. A worker was eligible to receive extended UI benefits only after the worker's state funded UI benefits expired. To fund these federal benefits, Congress created and moved funding into the Extended Unemployment Compensation Account (EUCA). The state was permitted to periodically draw money from the EUCA to fund all extended UI benefits.

10. On February 17, 2009, Congress passed the American Reinvestment and Recovery Act (ARRA), which contributed additional funds for unemployment benefits. One of the provisions of ARRA called for every worker currently receiving state UI benefits to receive an additional $25 in federal funds each week.

**Fraudulent Acts**

11. On or about the dates set forth below, with said dates being approximate, within the Western District of Missouri and elsewhere, individual defendants Curtis Green, Juan Rhodes, Lisa Myers, Synethia McDaniel, Carl Peterson, Adrienne Morris, Derrick Hubbard, Scott Wilson, LaTonya Williamson and Stephanie Heard Hair did knowingly and willfully steal money belonging to the United States, in that each obtained unemployment benefits by fraud, to wit; property of a value of $1,000 or more as part of a single scheme or plan to claim unemployment benefits while employed, and the property was under the control of Central Bank, funded by MODES, with $1,000 or more paid by the federal government and additional amounts paid by the state government.

| Count | Name | Benefits Date | Missouri benefits | Federal extended benefits (EUCA) | Federal Additional compensation (ARRA) | TOTAL |
|---|---|---|---|---|---|---|
| One | Curtis Green | 04/27/09-07/24/10 | $11,629 | $7,204 | $1,325 | $20,158 |
| Two | Juan D. Rhodes | 07/27/08-07/17/10 | $11,847 | $4,475 | $1,075 | $17,397 |
| Three | Lisa A. Myers | 03/19/10-03/12/11 | 0 | $15,360 | $875 | $16,235 |
| Four | Synethia McDaniel | 03/22/08-06/10/10 | $10,777 | $3,233 | $925 | $14,935 |
| Five | Carl W. Peterson | 10/25/08-12/27/09 | $8,445 | $5,278 | $700 | $14,423 |
| Six | Adrienne Morris | 11/15/08-04/17/10 | $7,574 | $4,636 | $1,137 | $13,611 |
| Seven | Derrick Hubbard | 06/14/09-08/07/10 | 0 | $12,529 | $750 | $13,279 |
| Eight | Scott A. Wilson | 12/14/08-02/13/10 | $3,831 | $7,727 | $925 | $12,484 |
| Nine | LaTonya Williamson | 08/15/09-08/28/10 | $1,698 | $8,825 | $1,100 | $11,623 |
| Ten | Stephanie Heard Hair | 01/02/10-12/04/10 | $3,591 | $6,838 | $825 | $11,254 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS ELEVEN through TWENTY
### (Bank Fraud)

12. The Grand Jury incorporates by reference the factual allegations in paragraphs one through ten of the Indictment as fully set forth herein.

5

13. Between on or about March 22, 2008 and on or about March 12, 2011, in the Western District of Missouri, and elsewhere, individual defendants Curtis Green, Juan Rhodes, Lisa Myers, Synethia McDaniel, Carl Peterson, Adrienne Morris, Derrick Hubbard, Scott Wilson, LaTonya Williamson and Stephanie Heard, knowingly executed a scheme to defraud a financial institution, Central Bank, to obtain MasterCard debit cards under the custody and control of Central Bank, a financial institution insured by the United States Government, by means of material false or fraudulent representations in connection with weekly unemployment claims made by each defendant.

| Count | Name | Dates Central Bank was defrauded |
|---|---|---|
| Eleven | Curtis Green | 04/27/09-07/24/10 |
| Twelve | Juan D. Rhodes | 07/27/08-07/17/10 |
| Thirteen | Lisa A. Myers | 03/19/10-03/12/11 |
| Fourteen | Synethia McDaniel | 03/22/08-06/10/10 |
| Fifteen | Carl W. Peterson | 10/25/08-12/27/09 |
| Sixteen | Adrienne Morris | 11/15/08-04/17/10 |
| Seventeen | Derrick Hubbard | 06/14/09-08/07/10 |
| Eighteen | Scott A. Wilson | 12/14/08-02/13/10 |
| Nineteen | LaTonya Williamson | 08/15/09-08/28/10 |
| Twenty | Stephanie Heard Hair | 01/02/10-12/04/10 |

All in violation of Title 18, United States Code, Section 1344.

## ALLEGATION OF CRIMINAL FORFEITURE

The allegations contained in Counts One through Twenty of this Indictment are re-alleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A).

The defendants named herein shall forfeit to the United States all property, real and personal, constituting and derived from any proceeds defendants obtained directly and indirectly as a result of the violation incorporated by reference in this Allegation and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violation incorporated by reference in this Allegation, including but not limited to the following:

### Cash Proceeds

United States Currency, in the following sums for each individual defendant was received in connection with the allegations set forth in Counts One through Twenty and is traceable thereto:

| Name | TOTAL |
|---|---|
| Curtis Green | $20,158 |
| Juan D. Rhodes | $17,397 |
| Lisa A. Myers | $16,235 |
| Synethia McDaniel | $14,935 |
| Carl W. Peterson | $14,423 |
| Adrienne Morris | $13,611 |
| Derrick Hubbard | $13,279 |
| Scott A. Wilson | $12,484 |
| LaTonya Williamson | $11,623 |
| Stephanie Heard Hair | $11,254 |

## Substitute Assets

If any of the above-described forfeitable property of the above-named defendants, as a result of any act or omission of the defendants --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of defendants up to the value of the above-described forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

/s/ Lawrence E. Johnson
FOREPERSON OF THE GRAND JURY

/s/ Jane Pansing Brown
Jane Pansing Brown # 30658
Assistant United States Attorney

Dated: 9/20/11
Kansas City, Missouri